Rose Brown
vs. } Eq. No. 8163
Alfred C. A. Perry et al
RESCRIPT

TANNER, P. J. This is a bill in equity heard on demurrer.

The bill alleges an agreement between a mortgagor, the respondent Leon O. W. Brown and a third party, complainant Rose Brown, by which Rose Brown was to advance $800 and pay the balance on respondent's note

secured by the mortgage described in the bill as the Brown-Walker mortgage. The complainant was to receive as security for the payment of the note a mortgage on the property described in the Brown-Walker mortgage subject only to a mortgage of record described in the bill as the Brown-Cullen mortgage.

Complainant advanced the $800 and was given as security the Brown-Conway mortgage, which she discovered two years after the agreement to be invalid. It was invalid because the respondent Leon O. W. Brown did not own the property at the date of this mortgage to the complainant, having conveyed it some years before to one of the respondents. The complainant did not know that the respondent Leon O. W. Brown no longer owned the property when she advanced said money under said agreement. Respondent Perry is the present record owner of the property which he bought subject to the Brown-Walker mortgage and the Brown-Cullen mortgage.

We think the complainant is entitled to be subrogated to the rights of the mortgagee, against respondent Perry taking under the Brown-Walker mortgage which has been paid and discharged with her money.

A party who advances money to another that is used to discharge a valid pre-existing lien on real estate, if not a mere volunteer, is entitled to subrogation to all the remedies which the original lien holder possessed as against the property notwithstanding the mortgage itself may have been cancelled and the mortgage debt discharged. This right to subrogate is good as against a third party who had bought the equity of redemption subject to the mortgages.

The demurrer is therefore overruled.

For complainant: Le Roy G. Pilling.

For respondents: Cooney and Cooney.